# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### MIDLAND DIVISION

**FILED**

NOV 0 8 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES OF AMERICA

v.

MARCUS DWAYNE WILLIS

        Defendant.

Case Number: 7:15-CR-00123-RAJ(1)
USM Number: 54354-380

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, MARCUS DWAYNE WILLIS, was represented by E. Jason Leach, Esq.

The defendant pled guilty to Count(s) One of the Indictment on May 19, 2016.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 841 (a)(1)<br>21 USC § 841 (b)(1)(A)<br>21 USC § 846 | Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine | 05/27/2015 | One |

As pronounced on November 2, 2016, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 8th day of November, 2016.

_____
Robert A. Junell
Senior United States District Judge

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 2 of 6

DEFENDANT:        MARCUS DWAYNE WILLIS
CASE NUMBER:      7:15-CR-00123-RAJ(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **One (1) month as to count 1** with credit for time served while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b).

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve this sentence at F. C. I. Seagoville.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons at or before 12:00 PM on **January 11, 2017**.  The defendant shall contact the U.S. Marshal Service, Midland, Texas not later than one week before **January 11, 2017** to ascertain as to which institution he/she is to report and shall report to the institution on **January 11, 2017** before 12:00 p.m. as instructed to report by the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on ████████████████ to _____

at ████████████████████████, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

_____

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:        MARCUS DWAYNE WILLIS
CASE NUMBER:      7:15-CR-00123-RAJ(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Four (4) years.**

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

The defendant shall abstain from the use of all intoxicants, including alcohol, marijuana, synthetic marijuana, and bath salts, during the term of supervision.

The defendant shall not be permitted to reside any place where firearms are possessed or stored.

The defendant shall have no contact with Lorenzo Zubia, whether by phone, e-mail, fax, letter or in person, during the term of supervision.

The defendant shall continue to pay previously order child support and any amount that may be in arrears.

The defendant shall obtain his GED during the term of supervision.

The defendant shall participate in the Home Confinement Program for a period of **Five (5) months** with Electronic Monitoring. During this time the defendant shall remain at his place of residence during the hours of 9:00 PM to 6:00 AM except for employment and other activities including school approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without "call forwarding," a "modem," caller ID," "call waiting," or portable cordless telephones for the above period. The defendant shall wear an electronic monitoring devise and follow electronic monitoring procedures specified by the probation officer. The Court further orders the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:  MARCUS DWAYNE WILLIS
CASE NUMBER:  7:15-CR-00123-RAJ(1)

# CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1)  The defendant shall not commit another federal, state, or local crime during the term of supervision.

2)  The defendant shall not unlawfully possess a controlled substance.

3)  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4)  In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

5)  If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6)  The defendant shall cooperate in the collection of DNA as directed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

7)  If convicted of a sexual offense and required to register under the Sex Offender and Registration Act, that the defendant comply with the requirements of the Act.

8)  If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

9)  If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pays in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1)  The defendant shall not leave the judicial district without permission of the court or probation officer.

2)  The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4)  The defendant shall support his or her dependents and meet other family obligations, and shall comply with the terms of any court order or order of an administrative process requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living.

5)  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9)  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)  The defendant shall permit a probation officer to visit him or her at any time, at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer.

11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 5 of 6

DEFENDANT:         MARCUS DWAYNE WILLIS
CASE NUMBER:       7:15-CR-00123-RAJ(1)

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications, and to confirm the defendant's compliance with such notification requirement.

14) If convicted of a sex offense as described in the Sex Offender Registration and Notification Act or has a prior conviction of a State or local offense that would have been an offense as described in the Sex Offender Registration and Notification Act if a circumstance giving rise to federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) **The defendant must participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant must abstain from the use of alcohol and any and all intoxicants. The defendant must pay the costs of such treatment if financially able.**

16) The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). The defendant must pay the costs of such treatment if financially able.

17) The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer, and if deemed necessary by the probation officer. Such program may include group sessions led by a counselor or participation in a program administered by the probation office. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

18) The defendant must participate in a workforce development program and follow the rules and regulations of that program. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). The defendant must pay the costs of such program if financially able.

19) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally reenter the United States. If the defendant lawfully reenters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

20) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such penalties in accordance with the Schedule of Payments sheet of the judgment.

21) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

22) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                Judgment -- Page 6 of 6

DEFENDANT:         MARCUS DWAYNE WILLIS
CASE NUMBER:       7:15-CR-00123-RAJ(1)

# CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206.  The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 |

## SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.   Payment of this sum shall begin immediately.

## FINE

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.